**William H. THOMPSON and W. F. Alford, Appellants,**

v.

**Murphy WASHINGTON, as Administrator of the Estate of Earl Washington, deceased, Appellee.**

**No. 7807.**

United States Court of Appeals Fourth Circuit.

Argued April 8, 1959.

Decided April 13, 1959.

Henry T. Gaud, Charleston, S. C., for appellants.

Robert M. Hollings, Charleston, S. C. (Meyer, Goldberg, Hollings, Lempesis & Uricchio, Charleston, S. C., on brief), for appellee.

Before SOPER, Circuit Judge, and BOREMAN and THOMPSON, District Judges.

PER CURIAM.

This appeal is taken from a judgment by the District Judge sitting without a jury, whereby the administrator of the estate of a boy three years of age was awarded damages in the sum of $6500 for the boy's death, which occurred on

the public highway when he was hit by a truck driven by the defendants. The only question is whether the findings of fact of the judge, that the death was caused by the negligence of the defendants, were clearly erroneous and therefore should be set aside under Rule 52 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The evidence showed that on July 7, 1956, at 11:00 o'clock in the morning, the child was playing in a cotton field in Charleston County, South Carolina, which was located beside a heavily traveled highway running east and west at this point. The view of the field was obscured by bushes and weeds and high grass that surrounded it. The boy was in the company of his mother, who was hoeing cotton, but he left her shortly before the accident, saying that he was going home. The shortest way home was across the fields for several hundred feet, in a northerly direction, to a house located near another road which crossed the first mentioned highway at a point 500 feet east of the cotton field.

The child did not go in the direction of his home. Instead, he went through the hedgerow of bushes and undergrowth bordering the road, then across a shallow ditch that was covered with growth as high as a man's knees, and then ran across the road beyond the middle line when he was struck by the defendants' truck, which was approaching from the west at a speed of 40 to 50 miles per hour in a 55 mile zone.

No one saw the child cross the road except the two defendants seated on the driver's seat of the truck. They testified that there was no traffic on the road at this time and that when they were 25 or 35 feet from the point of the collision the child came running out of the weeds on the left side of the road and ran quickly straight across the road into the truck and that it was impossible, under the circumstances, to avoid striking him.

The plaintiff's case is based on the theory that the child, after emerging from the undergrowth, walked along the left side of the road some 13 to 15 feet in plain sight before he ran across the road and was hit and that the driver of the truck should have seen him and slowed down to avoid the accident. There is no direct evidence to support this theory. It is based on the fact that a rough path runs from the cotton field in a generally southerly direction and meets the road at a point opposite, or nearly opposite the point of the collision, which was indicated by a blood spot in the road. The exact point where the path joins the road is somewhat uncertain; but based on certain definite measurements made some months after the accident and upon certain rough estimates made by the witnesses that the path met the road at a point 13 feet west of the accident, it is said the child must have walked this distance along the side of the road before attempting to cross it. There was no evidence, however, that the child used the path in leaving the field and it is admitted that he could have reached the roadside and emerged from the undergrowth at the side of the road and then run straight across it, as the defendants testified.

In this state of the evidence the judge made the finding of fact that the child was going toward his home and after walking along the shoulder of the highway for some distance started across the highway when he was overtaken by the truck, which struck him and caused his death. The judge found further that the death of the child was caused by the negligence of the defendants in operating the truck upon the highway at a speed greater than a reasonable and prudent person would have under the conditions, and in failing to keep a proper lookout, and in failing to stop the truck and avoid the child after the defendants saw, or should have seen him.

We are of the opinion that these findings were clearly erroneous in view of the evidence hereinbefore set out. The conclusion that the defendants were negligent in the operation of the truck depends upon the finding that the child walked along the shoulder of the road for

some distance in plain view of the defendants before he ran across the highway. This finding is not supported by the testimony of any witness but is denied by the only witnesses to the accident. Nor is it supported by the mere possibility that the child may have approached the highway along the path above mentioned, for it is admitted that the child could have reached the point on the highway opposite the point of the accident, where he was first seen by the defendants, according to their testimony, by going through the underbrush alongside the road without using the path at all. In other words, the finding that the child walked along the roadside some distance before he was hit is based merely on conjecture or surmise, which is insufficient to support a finding of fact in favor of the party upon whom rests the burden of proof.

The judgment of the District Court will therefore be reversed and the case remanded so that judgment may be entered for the defendants. See 28 U.S.C. § 2106 and State Farm Mutual Auto. Ins. Co. v. Bonacci, 8 Cir., 111 F.2d 412, 420.

Reversed and remanded.